**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

JAMES HESS,

     Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, James Hess, files his Complaint against Defendant, Life Insurance Company of North America, and says:

### I.     JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II.     PARTIES

2. Plaintiff, James Hess ("Mr. Hess" or "Plaintiff"), is a citizen of the United States and was at all times relevant a participant of the short-term disability ("STD Policy") at issue. Defendant is the insurer and claims administrator of the STD Policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.    FACTS

3.      At all times material to this action there was in full force and effect a group STD Policy constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Defendant.

4.      At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5.      Mr. Hess was employed with Battelle Energy Alliance, LLC ("Battelle") as a Software Engineer. By virtue of his employment at Battelle, Mr. Hess was an eligible participant of the STD Policy at all times material to this action.

6.      The purpose of the STD Policy was to provide Mr. Hess a weekly benefit in the event that he became disabled ("STD benefit").

7.      The STD Policy defines Disability, in pertinent part, as follows:

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. unable to perform all the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

8.      Mr. Hess has suffered, and continues to suffer, from Covid 19 long haul, memory loss, focus issues, headaches, cognitive issues and possible stroke.

9.      Mr. Hess has been unable to perform the material duties of his Regular Occupation at all times material to the STD claim; he is disabled under the terms of the STD Policy.

10.      Mr. Hess was stopped working on or about November 8, 2021, due to his disabling conditions.

11.      In accordance with the procedures set forth by the STD Policy, Mr. Hess notified Defendant that he was disabled.

12. By letter dated November 15, 2021, Defendant approved Mr. Hess's STD claim.

13. By letter dated January 11, 2022, Defendant terminated Mr. Hess's STD claim.

14. Mr. Hess timely appealed Defendant's decision by letter dated February 21, 2022.

15. Defendant denied Mr. Hess's appeal for STD benefits by letter dated May 13, 2022.

16. By letter dated May 31, 2022, Mr. Hess again appealed Defendant's decision.

17. Defendant denied Mr. Hess's second appeal by letter dated June 1, 2022.

18. Mr. Hess has exhausted his appeals under ERISA.

19. In denying Mr. Hess's STD claim, Defendant deemphasized medical evidence favoring disability and instead unreasonably relied on the views of its own medical consultants.

20. The termination of Mr. Hess's STD benefits was a breach of the terms of the STD Policy, and the decision was wrong and arbitrary and capricious.

21. Defendant's termination of Mr. Hess's STD benefits breached the fiduciary duties owed to Mr. Hess under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Hess as a participant of the STD Policy.

### IV. COUNT I: SHORT-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. Plaintiff is entitled to certain benefits of the policy consisting of past STD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the STD Policy;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

24. Defendant has refused to pay the STD benefits sought by Mr. Hess, ignoring the medical records and clear opinions of his treating providers.

## V.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 33 as if fully stated herein and says further that:

25. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid STD disability benefits, plus interest.

26. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

27. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the STD Policy had he not been wrongfully denied benefits by Defendant.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Hess, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 14 day of May, 2024.*

*/s/ Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000

Fax: (305) 754-2007
*Attorneys for Plaintiff, James Hess*